UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81039-CIV-ROSENBAUM/SELTZER

ANNIE MANTZ,

    Plaintiff,

v.

TRS RECOVERY SERVICES, INC.,

    Defendant.

_____/

## ORDER DENYING RECONSIDERATION OF ORDER DISMISSING CASE

This matter is before the Court on Plaintiff's Petition to Vacate Judge Robin S. Rosenbaum's Order [D.E. 10]. On September 5, 2012, Plaintiff filed a Complaint in Florida state court alleging violations of the Federal Fair Debt Collection Practices Act ("FDCPA") and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). D.E. 1-1. On September 25, 2012, Defendant properly removed the state-court Complaint to this Court on the basis, in part, of federal question jurisdiction. D.E. 1. On October 30, 2012, this Court dismissed Plaintiff's FDCPA claims as barred by *res judicata*, and exercising supplemental jurisdiction, dismissed her FDUTPA claims for failure to state a claim. D.E. 9.

On November 15, 2012, Plaintiff filed the instant petition requesting that the Court vacate its dismissal order, return her case to state court, and "[g]ive Plaintiff due process!" D.E. 10, ¶¶ 11-13. The Court construes Plaintiff's petition as a Motion for Reconsideration of its Order Dismissing Case [D.E. 9].

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing

*Mannings v. Sch. Bd. of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id*. (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)). The party moving for reconsideration "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*

Here, no change in law has occurred, no new evidence has been found, nor any clear error has been identified. Instead, Plaintiff is understandably upset that her Complaint was dismissed after it was removed to federal court. But the law allows for the proper removal of a state-court complaint to federal court under the circumstances of this case, and, for the reasons previously discussed in the Court's October 30, 2012, Order, the law requires dismissal of Plaintiff's case. Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Petition to Vacate Judge Robin S. Rosenbaum's Order [D.E. 10] is **DENIED**.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 19th day of November 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:

2

Annie Mantz, *pro se*
8647 Crater Terrace
Lake Park, FL 33403

Counsel of record